936 So.2d 676 (2006)
Lucy STASIO, Appellant,
v.
Stephen McMANAWAY and Gail McManaway, Appellees.
No. 5D05-3712.
District Court of Appeal of Florida, Fifth District.
July 28, 2006.
*677 David LaCroix, Brooksville, for Appellant.
Teresa D. Jones of Syprett, Meshad, Resnick, Lieb, Dumbaugh, Jones, Krotec & Westheimer, P.A., Sarasota, for Appellee.
SHARP, W., Senior Judge.
Lucy Stasio, the plaintiff in an automobile negligence case, appeals an award of attorney's fees and costs based on a rejected proposal for settlement. Stasio contends the proposal was ambiguous because the release attached to the proposal contained a discrepancy as to the settlement amount. We agree this discrepancy rendered the proposal invalid and thus did not support an award of attorney's fees under the offer of judgment statute. Accordingly we reverse.[1]
Stasio filed this lawsuit against Stephen and Gail McManaway for injuries sustained when the McManaways' vehicle collided with her vehicle at an intersection. Stephen was driving the vehicle. Gail's liability was only vicarious.
Prior to trial, Stephen served Stasio with a proposal for settlement. The proposal stated: "The amount which will be paid on behalf of STEPHEN MCMANAWAY to LUCY STASIO is $60,000." However, the release which was attached to the proposal states the consideration was "the sum of FIFTY NINE THOUSAND NO/100 DOLLARS ($60,000.00)..." Stasio did not accept the proposal.
After the jury awarded Stasio only $24,370, Stephen moved for attorney's fees and costs based on the unaccepted proposal. The trial court granted the motion in the amount of $43,667.15. The court found that while there was a typographical error in the amount in the release, the amount of the proposal was unequivocal.
The requirements for a valid proposal for settlement are set forth in section 768.79[2] and Florida Rule of Civil Procedure *678 1.442.[3] The language in rule 1.442 must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own attorney's fees. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003); Hibbard ex rel. Carr v. McGraw, 918 So.2d 967 (Fla. 5th DCA 2005).
The purpose of rule 1.442 is to sanction a party who does not timely accept a settlement offer made prior to trial by shifting payment and recovery of costs after the offer is made. It is a punitive measure and should be construed in favor of the party to be sanctioned. Hibbard; Loy v. Leone, 546 So.2d 1187 (Fla. 5th DCA 1989). But for the offer of judgment statute, the party would have to pay his or her own attorney's fees. Hibbard, 918 So.2d at 971.
Because the offer of judgment statute and related rule must be strictly construed, virtually any proposal that is ambiguous is not enforceable. Hibbard; Barnes v. The Kellogg Company, 846 So.2d 568 (Fla. 2d DCA 2003), disapproved on other grounds, Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005). See also Nichols v. State Farm, 851 So.2d 742 (Fla. 5th DCA 2003), approved, 932 So.2d 1067 (Fla.2006) (terms and conditions of proposal should be devoid of ambiguity, patent or latent; moreover, proposal should be capable of execution without the need for further explanation or judicial interpretation).
The terms of any proposed release are also subject to rule 1.442. Palm Beach Polo Holdings, Inc. v. Village of Wellington, 904 So.2d 652 (Fla. 4th DCA 2005). In State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067 (Fla.2006), the Florida Supreme Court recently held that releases required by a settlement proposal are conditions or nonmonetary terms that must be described with particularity under rule 1.442:

*679 We think it clear that when an offeror insists that an offeree sign a general release, the release becomes a stipulation or prerequisite of the contract. Even if the release does not constitute the essence of the settlement proposal-and thus a condition under subdivision (c)(2)(C) of the rule-at the very least it qualifies as a nonmonetary term under subdivision (c)(2)(D).
932 So.2d at 1078-79.
In the present case, the proposal itself referred to the settlement amount as $60,000. However, the release stated the consideration was fifty-nine thousand dollars in words followed by the number $60,000.
The reference in the release to a settlement amount of $59,000 as well as $60,000 created a patent ambiguity. Contrary to McManaway's contention, the release might be interpreted as providing for a settlement amount of $59,000. For example, under the Uniform Commercial Code, words prevail over numbers if an instrument contains contradictory terms. § 673.1141, Fla. Stat.[4] A party could argue this principle should be applied to construe the release as providing for consideration of $59,000. Because the dollar amount of the settlement was not entirely clear, some explanation or clarification from McManaway or judicial interpretation was needed.
Even assuming the reference to $59,000 was a mere typographical error, the consequences of that error must fall on McManaway. As this court has noted, the burden of clarifying the intent or extent of a settlement proposal cannot be placed on the party to whom the proposal is made. Dryden v. Pedemonti, 910 So.2d 854 (Fla. 5th DCA 2005).
Since the release was ambiguous, the proposal did not support an award of attorney's fees under the offer of judgment statute. See Palm Beach Polo Holdings (offer of judgment failed to satisfy requirement that offers state with particularity all conditions and non-monetary terms; proposed general release attached to offer was ambiguous as to whether it would extinguish claims unrelated to those in the pending action); Nichols, 851 So.2d at 746 (where intent of release condition could not be determined without resort to clarification or judicial interpretation, release was not sufficiently particular and proposal for settlement would not support award of attorney's fees). See also Hibbard (settlement proposal directed to passenger who was injured in an automobile accident was unclear and ambiguous and thus did not entitle defendants to award of attorney fees after entry of judgment in their favor); Jamieson (proposal for settlement was invalid where, among other things, the proposal listed settlement amount as $200 in one paragraph but as $1,000 in another paragraph).
Stasio also contends McManaway's proposal was invalid because the proposal was a joint offer which failed to differentiate the settlement amount offered on behalf of each defendant. See Fla. R. Civ. P. 1.442(c)(3).[5] McManaway argues the proposal *680 was not a "joint" offer because it was made solely on his behalf and that Stasio waived this issue by failing to raise it below. Because of our conclusion that the proposal was invalid, we need not address these issues and leave them for another day.
REVERSED AND REMANDED.
HEDSTROM, E.E., Associate Judge, concurs.
SAWAYA, J., dissents without opinion.
NOTES
[1] Our review of this issue is de novo. Ambeca, Inc. v. Marina Cove Village Townhome Ass'n, Inc., 880 So.2d 811 (Fla. 1st DCA 2004); Jamieson v. Kurland, 819 So.2d 267 (Fla. 2d DCA 2002).
[2] 768.79. Offer of judgment and demand for judgment

(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer ...
(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
The offer shall be construed as including all damages which may be awarded in a final judgment.
[3] Rule 1.442. Proposals for Settlement

* * * * * *3
(c) Form and Content of Proposal for Settlement.
(1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
[4] 673.1141. Contradictory terms of instrument

If an instrument contains contradictory terms, typewritten terms prevail over printed terms, handwritten terms prevail over both, and words prevail over numbers.
[5] (c) Form and Content of Proposal for Settlement.

* * *
(3) A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.