MAY, C.J.
This appeal challenges an attorney’s fees award, pursuant to a proposal for settlement/offer of judgment (“proposal”) in a medical malpractice action. The plaintiff, who prevailed against another defendant, appeals the fee award in favor of a defendant against whom he did not prevail. The plaintiff argues the fee award must be reversed because the proposal: (1) failed to apportion the offer between two separately named defendants; (2) was ambiguous; and (3) required the release of future unknown claims. The defendant responds that the plaintiff is simply nit-picking the proposal now that the plaintiff has lost his claim against this defendant. We find, as did the trial court, that the proposal complies with the requirements of section 768.79, Florida Statutes (2004), and Florida Rule of Civil Procedure 1.442. We affirm.
In 1998, the plaintiff filed a medical malpractice action against multiple defendants, including FMC Hospital, Ltd., a Florida Limited Partnership d/b/a Florida Medical Center, and FMC Medical, Inc., f/k/a FMC Center Inc., d/b/a Florida Medical Center. The complaint alleged that these two entities “owned, operated, maintained, and controlled” Florida Medical Center. The plaintiff also alleged that FMC Hospital, Ltd. was a limited partnership, and that FMC Medical, Inc. was a general partner of Florida Medical Center.
The complaint alleged two claims (negligent hiring/retention and vicarious liability for the negligence of two doctors) against each of these defendants using exactly the same wording. The complaint further alleged that two doctors, who were also defendants in this suit, were “agents” or “apparent agents” of these organizations. While the complaint named the two hospital entities as defendants, each was alleged to be responsible for the negligence of a single entity, Florida Medical Center.
The two defendants, each of whom owned, operated, maintained, or controlled the “hospital,” submitted the proposal. The relevant provisions read:

DEFENDANT, FLORIDA MEDICAL CENTER’S, PROPOSAL FOR SETTLEMENT/OFFER OF JUDGMENT TO THE PLAINTIFF, AN-CEL PRATT, JR., INDIVIDUALLY

The Defendant(s), FMC HOSPITAL LTD., a Florida Limited Partnership d/b/a FLORIDA MEDICAL CENTER; FMC MEDICAL, INC. ⅞/a FMC CENTER, INC. d/b/a FLORIDA MEDICAL CENTER, by and through their undersigned counsel, and pursuant to Florida Statute § 768.79 and Fla. R. Civ. P. 1.442 state as follows:
The Party making this proposal are Defendants, FMC HOSPITAL LTD., a Florida Limited Partnership d/b/a FLORIDA MEDICAL CENTER; FMC MEDICAL, INC. fik/a FMC CENTER, INC. d/b/a FLORIDA MEDICAL CENTER....
1. This Proposal for Settlement is made in an attempt to resolve all pending matters between the Plaintiff and the named Defendants as noted above.
2. The relevant conditions of this Proposal for Settlement are that the lawsuit be settled, each Party to bear their own costs and attorneys’ fees....
(Emphasis added). The Proposal offered $10,000. The last paragraph stated:
This Proposal for Settlement includes all costs and attorneys’ fees incurred by Plaintiff in the prosecution of this *853 case, and by making this Proposal for Settlement, the Defendants, FMC HOSPITAL LTD., a Florida Limited Partnership d/b/a FLORIDA MEDICAL CENTER; FMC MEDICAL, INC. Wa FMC CENTER, INC. d/b/a FLORIDA MEDICAL CENTER....
(Emphasis added).
The proposal required the plaintiff to sign “a full and complete General Release and Hold Harmless Agreement.” Although the body of the proposal stated that it would resolve “pending matters between the Plaintiff and the named Defendants,” the attached “Settlement Agreement, Release of All Claims Hold Harmless Agreement” required the plaintiff to release any “agents” of the two hospital defendants.
The Release and Hold Harmless Agreement (“agreement”) provided in relevant part:
[Plaintiff] does hereby fully and completely release, acquit and forever discharge FMC HOSPITAL LTD., a Florida Limited Partnership d/b/a FLORIDA MEDICAL CENTER; FMC MEDICAL, INC. fk/a FMC CENTER, INC. d/b/a FLORIDA MEDICAL CENTER, and their affiliates, successors, predecessors, subsidiaries, agents, employers, employees and/or servants, and any primary, excess, or reinsurance insurers (hereinafter “RELEASEES”) from any and all causes of action, claims, direct or indirect, rights, liabilities, and damages whatsoever, on behalf of ANCEL PRATT, JR., INDIVIDUALLY, including but not limited to [the above-styled case].
[[Image here]]
[H]ereby forever release, discharge and acquit the RELEASEES, and their ... professional associations ... from any and all claims, actions, causes of action, demands, payments, attorneys’ fees, benefits, rights, damages, costs, loss of service, liens, expenses, liabilities and compensation whatsoever which the [plaintiff] ever had, now has (or which may hereafter accrue) based upon the facts and circumstances relevant to the [plaintiff’s] Complaint ... against the RELEASEES.
(Emphasis in original).
The agreement provided for the plaintiff to hold harmless and indemnify the “re-leasees” as well as any “related entities responsible financially or otherwise ... from all costs, liens, losses, damages and expenses, including medical expenses which RELEASEES or their affiliates may or might sustain in the future as a result of the injuries and damages alleged by [the plaintiff].” The agreement ended by stating that: “This Release releases the RELEASEES from any future medical obligations and payments. This Release does not in any way release other named Defendants.” (Emphasis in original). The plaintiff did not accept the proposal.
The case proceeded to trial. The plaintiff and this defendant entered into a joint stipulation that the proper party in interest was FMC Hospital, Ltd., d/b/a Florida Medical Center. This stipulation was not in existence when the defendants made their proposal. The jury found in favor of this defendant, which then moved for attorney’s fees, pursuant to the proposal.
After two hearings and consideration of written memoranda, the trial court concluded the proposal was enforceable because it had been made by a single entity, the hospital, and was unambiguous. The trial court then entered a final judgment in favor of “Defendants, FMC HOSPITAL, LTD. d/b/a FLORIDA MEDICAL CENTER and FMC MEDICAL, INC. fik/a FMC CENTER, INC. d/b/a FLORIDA MEDICAL CENTER” for $426,580 in attorney’s fees and $6,000 in expert witness *854 fees. (Emphasis added). The plaintiff now appeals the attorney’s fees judgment.
On appeal, the plaintiff continues to argue that the proposal is unenforceable for three reasons: (1) it failed to apportion the offer between two separately named defendants; (2) it was ambiguous; and (3) it required the release of future unknown claims. The defendants’ response is threefold: (1) the proposal did not have to apportion the offer because Florida Medical Center was the single hospital entity alleged to be responsible; (2) the proposal was unambiguous; and (3) the release did not require the relinquishment of future claims.
We have de novo review of orders awarding fees pursuant to proposals for settlement. Saenz v. Campos, 967 So.2d 1114, 1116 (Fla. 4th DCA 2007).
Florida Rule of Civil Procedure 1.442(c)(2)(B)-(D) “requires the proposal to ‘identify’ the claim or claims to be resolved, ‘state with particularity any relevant conditions, ‘state’ the total amount of the proposal, and ‘state with particularity’ the non-monetary terms of the proposal.” Id. (quoting Fla. R. Civ. P. 1.442(c)(2)(B)-(D)). Additionally, under rule 1.442(c)(3), “[a] proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.” Fla. R. Civ. P. 1.442(c)(3).
Settlement agreements “are to be interpreted by the same principles governing the interpretation of contracts.” Dorson v. Dorson, 393 So.2d 632, 633 (Fla. 4th DCA 1981). To determine the parties’ intent, we will look to the proposal as a whole, and construe it “ ‘according to its own clear and unambiguous terms.’ ” Id. (quoting Cueto v. John Allmand Boats, Inc., 334 So.2d 30, 32 (Fla. 3d DCA 1976)). Thus, the parties’ subjective intent “does not alter the meaning of the [contract].” Wallshein v. Shugarman, 50 So.3d 89, 90 (Fla. 4th DCA 2010).
Our supreme court has held that rule 1.442(c)(3) requires that “an offer from multiple plaintiffs must apportion the offer among the plaintiffs.” Dollar Rent a Car, Inc. v. Chang, 902 So.2d 869, 870 (Fla. 4th DCA 2005) (quoting Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278-79 (Fla.2003)). Here however the offer was made on behalf of the single hospital entity allegedly responsible. The release referred to the two companies that owned, controlled, or maintained the single hospital entity allegedly responsible.
As the defendants argue, they were treated as a single entity during the litigation. They were represented by the same lawyer, filed a single answer, and were listed as FMC Hospital, Ltd., a Florida Limited Partnership d/b/a Florida Medical Center on the verdict form. The singular nature of the entity is most evident in the parties’ ultimate agreement that FMC Hospital, Ltd. was the only proper defendant.
The plaintiff next argues the release was ambiguous because it required the plaintiff to release the hospital’s agents and the complaint alleged two physicians were agents of the hospital. We disagree.
The release specifically stated that acceptance would NOT release other named defendants. The two physicians were not encompassed in the release. Rather than create a latent ambiguity, the language provided for the release of only unnamed agents of the hospital. And, any suggestion that the release applied to future unknown claims is debunked by the language in the release that restricted future claims to “the injuries and damages alleged” by the plaintiff.
In sum, we find the defendants’ failure to apportion the offer did not run afoul of *855 section 768.79, rule 1.442, or any case law interpreting those provisions. The agreement and release are not ambiguous, and did not require the release of future claims. We therefore affirm.

Affirmed.

GROSS and DAMOORGIAN, JJ., concur.