SILBERMAN, Chief Judge.
Anhloan Tran appeals the circuit court order denying her motion for costs and attorney’s fees. Because we agree with the circuit court that Tran’s proposals for settlement are ambiguous, we affirm the denial of attorney’s fees. However, because there was no legal basis to deny Tran’s motion for costs, we reverse and remand as to that issue.
In March 2006, Anhloan Tran and Kenneth Moulten were involved in an automobile collision. Moulten was driving a car owned by his employer, Anvil Iron Works. In February 2008, Tran brought an action to recover damages for her injuries against Moulten and Anvil Iron. In October 2008, Tran served separate proposals for settlement on both Moulten and Anvil Iron. Paragraphs (A) through (D) of the proposal to Moulten provide as follows:
(A) This proposal is made by the Plaintiff, ANHLOAN TRAN, to the Defendant, KENNETH MOULTEN;
(B) This proposal is attempting to resolve all claims with respect to Plaintiff’s injury claim that are or may be made by Plaintiff, ANHL-OAN TRAN, against Defendant, KENNETH MOULTEN, in the instant action in which this proposal is made and as alleged by Plaintiffs pending Complaint, or that could be raised by Plaintiff as arising out of the incident or incidents which are the subject of Plaintiffs Complaint, including any claims for bad faith or punitive damages;
(C) The relevant conditions of this proposal are that Plaintiff will agree to a voluntary dismissal with prejudice of any and all claims against Defendant, KENNETH MOULTEN. A copy of the proposed Notice of Voluntary Dismissal With Prejudice that Plaintiff agrees to file with the Court upon acceptance of this proposal by the Defendant is attached to this Proposal for Settlement and marked as Exhibit “1” and incorporated herein by this reference;
(D) Plaintiff, ANHLOAN TRAN, proposes settlement of her injury claim to occur upon payment by Defendant, KENNETH MOULTEN, to Plaintiff, ANHLOAN TRAN, of the total sum of SIXTY THOUSAND ($60,000) DOLLARS.
Paragraphs (A) through (D) of the proposal to Anvil Iron are essentially the same, except that all references to Moulten were changed to refer to Anvil Iron. Attached to each proposal is a virtually identical notice of voluntary dismissal with prejudice that states, in pertinent part, as follows:
COMES NOW, the Plaintiff, ANHL-OAN TRAN, by and through her undersigned attorneys, and files this her Notice of Voluntary Dismissal With Prejudice as to the Defendant, KENNETH MOULTON and the Defendant, ANVIL IRON WORKS, INC., from any and all claims Plaintiff may have against Defendants, KENNETH MOULTON and ANVIL IRON WORKS, INC., including but not limited to any and all claims for compensatory damages, punitive damages and bad faith damages.
In short, each proposal for settlement states that if the proposal were accepted by the named defendant, Tran would dismiss all claims against that one named defendant, whereas the attached notices of *925 voluntary dismissal reflect that Tran would dismiss all claims against both defendants.
Neither proposal was accepted, and the case went to trial. After the jury returned a verdict in Tran’s favor, the circuit court entered judgment against Moulten and Anvil Iron in the amount of $93,464.41. Tran then served a timely motion to tax costs pursuant to section 57.041, Florida Statutes (2005), and to tax attorney’s fees based on the unaccepted proposals for settlement, pursuant to section 768.79, Florida Statutes (2005), and Florida Rule of Civil Procedure 1.442. Anvil Iron and Moulten opposed the motion, arguing that the proposals for settlement are ambiguous. The circuit court agreed and denied Tran’s entire motion. Specifically, the court found that “[ajlthough the two proposed Notices of Voluntary Dismissal with Prejudice indicated both defendants would be dismissed, the body of the Proposals For Settlement did not indicate that both defendants would be dismissed.” The circuit court did not give any reason for denying Tran’s motion for costs. This appeal followed.

I. ATTORNEYS’FEES

Section 768.79(1) provides in pertinent part as follows:
In any civil action for damages filed in the courts of this state, ... [i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand.
Florida Rule of Civil Procedure 1.442(c)(2) provides that a proposal for settlement shall, in pertinent part, do the following:
(A)name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal.
Whether a proposal for settlement complies with the statute and rule is subject to de novo review. Jamieson v. Kurland, 819 So.2d 267, 268 (Fla. 2d DCA 2002). The statute and rule are punitive and must be strictly construed because they are in derogation of the common law. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003); Grip Dev., Inc. v. Coldwell Banker Residential Real Estate, Inc., 788 So.2d 262, 265 (Fla. 4th DCA 2000). The Florida Supreme Court elaborated on the particularity requirement as follows:
The rule intends for a proposal for judgment to be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions. Furthermore, if accepted, the proposal should be capable of execution without the need for judicial interpretation. Proposals for settlement are intended to end judicial labor, not create more.
State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006) (quoting Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002) (citation omitted)). The supreme court further explained:
[Gjiven the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity *926 within the proposal could reasonably affect the offeree’s decision, the proposal will not satisfy the particularity requirement.
Nichols, 932 So.2d at 1079. The particularity requirement also applies to releases and voluntary dismissals incorporated into a settlement proposal. See id. at 1078-79.
For the purposes of the particularity requirement, “an ambiguity is defined as ‘the condition of admitting more than one meaning.’ ” Mix v. Adventist Health Sys./Sunbelt, Inc., 67 So.3d 289, 292 (Fla. 5th DCA 2011) (quoting Saenz v. Campos, 967 So.2d 1114, 1117 (Fla. 4th DCA 2007)). Because of the strict construction requirement, “an ambiguous proposal is not enforceable.” Id.
On appeal, Tran argues that the proposals for settlement are unambiguous. She contends that the only meaning that could be given to the proposals and the attached notices of voluntary dismissal is that upon the acceptance of either proposal, Tran would dismiss any and all claims against the named defendant by executing the attached voluntary dismissal, which in turn would dismiss both defendants.
We disagree that this interpretation is the only meaning that can be given to the proposals and attachments. Although the proposed notices of voluntary dismissal state that any and all claims against both defendants would be dismissed, the language contained in the body of each proposal states only that any and all claims against the named defendant would be dismissed. The proposals themselves are silent as to the unnamed defendant. Thus, the documents are ambiguous: if a proposal for settlement were accepted, would Tran be obligated only to dismiss the claims against the defendant named in the settlement proposal or would Tran be obligated to dismiss the- claims against both defendants as indicated in the proposed notice of voluntary dismissal? This discrepancy between each proposal and the attached notice of voluntary dismissal could “reasonably affect the offeree’s decision.” Nichols, 932 So.2d at 1079. For example, one defendant might want to accept the proposal directed to it only if it knows for certain that its payment would result in the release of both defendants. This may be especially significant in a case such as this where one defendant is the employer/owner of the car and the other defendant is the employee who was driving the car.
Tran necessarily argues that the attached notices of voluntary dismissal should control over the body of the proposals. However, without giving additional weight to either the proposals or the notices of voluntary dismissal, it is unclear whether one defendant’s payment of $60,000 would secure the dismissal of the claims against both Anvil Iron and Moul-ten or just the defendant named in the proposal. And the fact that Tran argues that the wording of the notices of voluntary dismissal should control over the wording of the proposals themselves highlights the fact that there is an ambiguity between those documents.
The situation in this case is distinguishable from the Fourth District’s recent decision in Pratt v. Weiss, 92 So.3d 851 (Fla. 4th DCA 2012). Thei*e, the plaintiff sued two physicians and two corporate owners of the hospital where the physicians worked. Prior to trial, the owners of the hospital submitted a proposal for settlement to the plaintiff and attached a release and hold harmless agreement to the proposal. The plaintiff did not accept the proposal. Id. at 852-53.
After the hospital prevailed at trial, the corporate owners of the hospital sought attorney’s fees pursuant to the proposal for settlement. The plaintiff opposed the motion, arguing that the documents were *927 ambiguous. The appellate court focused on language in the proposal that indicated settlement would resolve all claims against the corporate defendants and language in the release and hold harmless agreement that the agents of the two corporate defendants would also be released but that “[t]his Release does not in any way release other named Defendants.” Id. at 853.
The court rejected the claim that the documents were ambiguous. The court concluded that the wording in the proposal and the wording in the release and hold harmless agreement together specified that other named defendants would not be released and only unnamed agents of the hospital would be released. Id. at 854.
Here, each of Tran’s proposals states that the named defendant in that proposal would be dismissed from the lawsuit, while the notice of voluntary dismissal attached to the proposal provides that both defendants would be dismissed. The proposals and attached notices of voluntary dismissal facially conflict, and unlike in Pratt, they do not contain language that clearly resolves the conflict. Because the documents are in conflict, we agree with the trial court that they are ambiguous. Accordingly, we affirm the circuit court’s order insofar as it denies Tran’s motion for attorney’s fees.

II. COSTS

Section 57.041(1), Florida Statutes (2005), provides that “[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment.” Tran prevailed at trial and was entitled to costs. Anvil Iron and Moulten concede that the trial court erred in denying Tran’s motion for costs. Accordingly, we reverse and remand to the trial court to determine the amount of taxable costs to be awarded to Tran.
Affirmed in part, reversed in part, and remanded.
WALLACE, J., Concurs.
DAVIS, J., Dissents in part with opinion, concurs in part.