EVANDER, J.
Hilton Hotels Corporation (“Hilton”), W2007 Equity Inns Realty, LLC (‘W2007”), Interstate Hotels & Resorts, Inc. (“Interstate”), and SecurAmerica, LLC (“SecurAmerica”) appeal from a final judgment in a personal injury/negligent security case in which the jury awarded Troy Anderson (“Anderson”) damages in excess of $1.7 million. Anderson filed a separate appeal from the trial court’s post-trial orders denying his request for an award of attorney’s fees under section 768.79, Florida Statutes (2011). We affirm the final judgment in all respects and write only to address the issues raised in Anderson’s appeal.
On September 26, 2008, Anderson was the victim of a criminal attack in the parking lot of an Embassy Suites Hotel in Orlando, Florida. The hotel was owned and operated by W2007 pursuant to its franchise agreement with Hilton. Interstate managed the hotel pursuant to its contract with W2007. SecurAmerica was retained by Interstate to provide security services on the hotel’s property. Following the attack, Anderson and his wife, Paula, filed a multi-count second amended complaint against the four defendants.
The complaint asserted that each of the defendants was negligent and, notably, was devoid of any allegations of vicarious liability.
On October 5, 2011, Anderson served separate demands for judgment on Hilton, W2007, and Interstate. In his demands for judgment, Anderson sought $650,000 each from Hilton and Interstate, and $100,000 from W2007. On March 16, 2012, Anderson served a demand for judgment on SecurAmerica in the amount of $300,000.
Shortly before the trial commenced in late October 2012, Paula Anderson and her loss of consortium claim were dropped from the lawsuit. As a result, only Anderson’s claims were presented to the jury. During the charge conference, the defendants’ counsel proposed that the jury instructions and the verdict form reference defendants Hilton, W2007, and Interstate collectively as “Embassy Suites.” The proposal was accepted by Anderson’s counsel and, at his request, the jury was given the following instruction:
Members of the jury, you can assume, for purposes of your deliberation, that Interstate Hotels and Resorts, Inc., Hilton Hotels Corporation, and W2007 Equity Inns Realty, LLC are one and the same. -These defendants will be referred to in the jury instructions and verdict form as Embassy Suites.
The jury returned a verdict finding the “Embassy Suites” defendants 72% at fault, SecurAmerica 28% at fault, and Anderson 0% at fault. Anderson’s total damages were determined to be $1,702,066. After consideration of collateral source set-offs and the imposition of taxable costs, the trial court entered a partial final judgment against the “Embassy Suites” defendants in the amount of $1,252,188.74, and against *415 SecurAmerica in the amount of $486,962.28. In its partial final judgment, the trial court reserved jurisdiction for the determination of all attorney’s fees issues.
Anderson claimed entitlement to attorney’s fees pursuant to section 768.79, Florida Statutes (2011). That statute provides that where a plaintiff files a demand for judgment that is not accepted by the defendant within thirty days, and the plaintiff recovers the judgment in an amount of at least twenty-five percent greater than the demand, the plaintiff is entitled to recover reasonable attorney’s fees incurred from the date of the filing of the demand. § 768.79(1), Fla. Stat. (2011). A demand for judgment must be in writing, state that it is being made pursuant to the statute, identify the offeror and offer-ee, and state the total amount of the demand. § 768.79(2), Fla. Stat. (2011); see also Fla. R. Civ. P. 1.442.[1]
An award of attorney’s fees under section 768.79 is a sanction against the rejecting party for the refusal to accept what is presumed to be a reasonable offer. Sarkis v. Allstate Ins. Co., 863 So.2d 210, 222 (Fla.2003). Because the statute is penal in nature, it must be strictly construed in favor of the one against whom the penalty is imposed and is never to be extended by construction. Id. at 223. Strict construction of section 768.79 is also required because the statute is in derogation of the common law rule that each party is to pay its own attorney’s fees. Campbell v. Goldman, 959 So.2d 223, 226 (Fla.2007). Because the statute must be strictly construed, a proposal that is ambiguous will be held to be unenforceable. Stasio v. McManaway, 936 So.2d 676, 678 (Fla. 5th DCA 2006). Furthermore, the burden of clarifying the intent or éxtent of a proposal for settlement cannot be placed on the party to whom the proposal is made. Dryden v. Pedemonti, 910 So.2d 854, 855 (Fla. 5th DCA 2005).
In the instant case, the demands for judgment served by Anderson on each of the defendants were identical, except for the amount demanded:
1. This Proposal for Settlement is made pursuant to Florida Statute § 768.79, and is extended in accordance with the provisions of Rule 1.442, Fla. R.Civ.P.
2. This Proposal for Settlement is . made on behalf of Plaintiff, TROY ANDERSON (“PLAINTIFF”), and is made to [Defendant].
3. This Proposal for Settlement is made for the purpose of settling any and all claims made in this cause by PLAINTIFF against [Defendant].
4. That in exchange for [amount demanded] in hand paid from [Defendant], PLAINTIFF agrees to settle any and all claims asserted against [Defendant], as identified in Case Number 2009-CA-010173-0, brought in the Circuit Court in and for Orange County, Florida.
5. This Proposal for Settlement is inclusive of all damages claimed by PLAINTIFF, including all claims for interest, costs, and expenses and any claims for attorney’s fees.
(Emphasis added).
The trial court found that the language “PLAINTIFF agrees to settle any and all claims asserted against [Defendant]” rendered each of the demands *416 vague, ambiguous, and unenforceable. We agree with the trial court’s conclusion. Although Paragraph 3 of the demand for judgment reflects that the proposal was intended to resolve only Troy Anderson’s claim, Paragraph 4 can reasonably be interpreted to mean that the intent of the demands for judgment was to resolve the claims of both Troy and Paula Anderson.
In Hibbard ex rel. Carr v. McGraw, 918 So.2d 967 (Fla. 5th DCA 2005), this court was confronted with similar language in an offer for judgment. There, Amanda Carr, through her mother, Faith Carr Hibbard, filed suit against defendants Michael McGraw and his employer, Dual Incorporated,, for injuries sustained in a motor vehicle crash. At the time of the crash, Carr was a minor. The defendants tendered the following offer of judgment:
Defendants, MICHAEL MCGRAW and DUAL INCORPORATED ... hereby submit their proposal for settlement in favor of Plaintiff, AMANDA K. CARR, in the total sum of THIRTY FIVE THOUSAND AND ONE DOLLARS ($35,001.00), exclusive of attorneys’ fees and costs, in exchange for an executed full release and voluntary dismissal with prejudice as to all claims against Defendants, MICHAEL MCGRAW and DUAL INCORPORATED.
Id. at 969 (emphasis added). Subsequently, the defendants moved to amend the pleadings to show Carr as the “sole” plaintiff because she had attained the age of majority. Id. at 970. The trial court ordered that “Amanda Carr is an adult and shall appear on her own behalf as to her individual claims. Faith Carr Hibbard shall remain as a party Plaintiff as to her parental claim for general damages and claim for medical bills while Amanda Carr was a minor.” Id.
When the defendants obtained a favorable judgment, the trial court awarded attorney’s fees pursuant to section 768.79 against Amanda Carr, based on the unaccepted offer of judgment. Id. This court reversed, observing that it was unclear whether the offer of judgment was directed only to Amanda Carr’s claims as opposed to being directed to the claims of both Amanda and her mother:
At the time the defendants served their proposal, “Plaintiff, Amanda K. Carr” was not the named plaintiff. In addition, given the defendants’ position that Carr was the sole plaintiff, it is unclear whether the proposal to settle “all claims against the Defendants” included all damages of any kind arising out of the accident (Carr’s claims as well as the claims of her mother) or only Carr’s claims for future medical expenses, (future lost earning capacity and pain and suffering) and not her mother’s claims (medical expenses and loss of consortium).
Id. at 971-72 (emphasis in original).
As we did in Hibbard, we conclude that the proposals for settlement in this case were ambiguous. Specifically, it cannot be clearly determined from the language of the demands for judgment whether the demands were intended to resolve only Troy Anderson’s claims, or the claims of both Troy and Paula Anderson.
Athough not necessary for the resolution of this appeal, we also agree with the trial court’s conclusion that the three separate demands for judgment offered to each of the “Embassy Suites” defendants were unenforceable for an additional reason. Because Anderson requested to have these three entities treated as one by the jury, and given that the judgment obtained against the “Embassy Suites” defendants was actually less than the sum of the demands for judgment made against them, the purpose behind the enactment of sec *417 tion 768.79 (i.e., to sanction a party for rejecting a presumptively reasonable proposal for settlement) would be ill-served by assessing attorney’s fees against Hilton, W2007, and Interstate.
AFFIRMED.
BERGER and LAMBERT, JJ., concur.

. Section 768.79 provides the substantive law concerning offers and demands of judgment, while rule 1.442 provides for its procedural mechanism. Winter Park Imports, Inc. v. J.M. Family Enterprises, 66 So.3d 336, 338 (Fla. 5th DCA 2011). Rule 1.442 utilizes the term "proposal for settlement” in referring to both offers of judgment and demands for judgment.