DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**
Appellant,

v.

**BERNADETTE RYAN,**
Appellee.

No. 4D13-2615

[March 11, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. 10-47505 (05).

June Galkoski Hoffman of Fowler White Burnett, P.A., Fort Lauderdale, for appellant.

Terry P. Roberts of the Law Office of Terry P. Roberts, Tallahassee, for appellee.

DAMOORGIAN, C.J.

Government Employees Insurance Company ("GEICO") appeals the trial court's final judgment awarding Bernadette Ryan attorney's fees and costs pursuant to a rejected proposal for settlement. We reverse because the Proposal for Settlement is patently ambiguous and, thus, unenforceable.[1]

Ryan was involved in a car accident and sued GEICO based on the uninsured/underinsured motorist portion of her own insurance policy. In conjunction with her suit, Ryan served a Proposal for Settlement on GEICO which provided:

> The Plaintiff, BERNADETTE RYAN, pursuant to Florida Rules [sic] of Civil Procedure 1.442, and Florida Statute 768.79, and in accordance with all provisions, make [sic] the

---

[1] GEICO also argues that the trial court erred in awarding Ryan attorney's fees based on the verdict instead of the judgment. Because we hold that the Proposal for Settlement is ambiguous, we need not reach this issue.

following Proposal for Settlement to the Defendant, GEICO, in the total amount of *One Hundred Thousand Dollars ($50,000.00)* inclusive of all costs and fees and in full and final settlement of all pending claims. The total amount of this settlement *shall not exceed $50,000.00.*

(emphasis added). The case proceeded to trial and the jury awarded Ryan $195,739.81. Ryan filed a motion to tax costs and a motion to tax attorney's fees based on her Proposal for Settlement.

At the hearing on Ryan's motions, GEICO argued that the money terms in the Proposal for Settlement were inconsistent, thereby creating a patent ambiguity. Ryan countered that the GEICO policy limit was $50,000 and that GEICO "knew exactly what the proposal was for." The court responded:

> Well, okay. Yes, there is a little bit of confusion here. But it says the proposed [sic] to the defendant, GEICO, in total amount of $100,000, spelled out.

> But then right behind that, in parentheses, it says $50,000; there is confusion—of all costs. And then it says; the next sentence; the total amount of this settlement should not exceed $50,000. That seems to clarify or clear up any kind of confusion; I would think.

After the hearing, the trial court entered an order granting Ryan's motions for attorney's fees and to tax costs. In its order, the court noted that Ryan's Proposal for Settlement was "sufficiently clear and definite and not susceptible to more than one reasonable interpretation." The court also noted that GEICO knew about the $50,000 policy limit and that "although the court did not take testimony/evidence, it was represented to the court that the attorneys talked about a settlement and that the defense attorney fully knew the settlement proposal." The court entered final judgment for Ryan. This appeal follows.

We review whether a proposal for settlement is ambiguous under the de novo standard of review. *Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc.*, 53 So. 3d 348, 353 (Fla. 4th DCA 2011) (citing *Nationwide Mut. Fire Ins. Co. v. Pollinger,* 42 So. 3d 890, 891 (Fla. 4th DCA 2010)).

The Fifth District's decision in *Stasio v. McManaway*, 936 So. 2d 676 (Fla. 5th DCA 2006), is particularly on point. There, the defendant in an

automobile negligence case served the plaintiff with a proposal for settlement which stated: "'The amount which will be paid on behalf of [THE DEFENDANT] to [THE PLAINTIFF] is $60,000.'" *Id.* at 677. However, the release that was attached to the proposal provided that "the consideration was 'the sum of FIFTY NINE THOUSAND NO/100 DOLLARS ($60,000).'" *Id.* The plaintiff rejected the proposal and the jury awarded her $24,370. *Id.* The trial court granted the defendant attorney's fees based on the proposal for settlement, finding that despite the "typographical error in the amount in the release, the amount of the proposal was unequivocal." *Id.* The Fifth District reversed, holding that "[t]he reference in the release to a settlement amount of $59,000 as well as $60,000 created a patent ambiguity" such that "some explanation or clarification from [the defendant] or judicial interpretation was needed." *Id.* at 679. In so holding, the court also emphasized that even if "the reference to $59,000 was a mere typographical error, the consequences of that error" fell on the party seeking to enforce the proposal. *Id.*

Like the proposal in *Stasio*, Ryan's Proposal for Settlement contains a patent ambiguity—spelling out $100,000 in words but also referring to $50,000 in numerals. *See id.* at 679. Accordingly, the trial court erred in enforcing the Proposal for Settlement. *See id.* at 678 ("Because the offer of judgment statute and related rule must be strictly construed, virtually *any* proposal that is ambiguous is not enforceable.").

The trial judge had no basis in law or fact to conclude otherwise.

*Reversed.*

CONNER and FORST, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**