CANADY, J.,
dissenting.
Because I conclude that the decision of the Fourth District Court of Appeal in Pratt v. Weiss, 92 So.3d 851 (Fla. 4th DCA 2012), does not expressly and directly conflict with decisions of the other district courts of appeal or this Court, I would dismiss this case for lack of jurisdiction *1274 under article V, section 3(b)(3) of the Florida Constitution.
The majority granted review of this case “based upon conflict with cases that hold apportionment of a settlement amount is required where an offer of judgment is made by or to multiple parties.” Majority op. at 1271 (citing Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278-79 (Fla.2003); Lamb v. Matetzschk, 906 So.2d 1037, 1040 (Fla.2005)). While Florida caselaw does require apportionment in an offer of judgment made by or to multiple parties, the Fourth District below concluded that the offer at issue was not jointly made by multiple parties. Instead, it was “made on behalf of the single hospital entity allegedly responsible.” Pratt, 92 So.3d at 854. In support of this conclusion, the district court found that the parties were treated as a single entity during litigation, they were represented by the same lawyer, they filed a single answer, and they were listed on the verdict form as “FMC Hospital, Ltd., a Florida Limited Partnership d/b/a Florida Medical Center.” Id. Additionally, the district court determined that “[t]he singular nature of the entity [was] most evident in the parties’ ultimate agreement that FMC Hospital, Ltd. was the only proper defendant.” Id. Because the settlement offer was made by a single entity, the district court held that the “defendants’ failure to apportion the offer did not run afoul of section 768.79, rule 1.442, or any case law interpreting those provisions.” Id. at 854-55. Pratt is therefore distinguishable from the cases with which the majority finds conflict and does not provide a basis for this Court to exercise jurisdiction based on express and direct conflict. None of those cases have facts that are similar to Pratt.
For these reasons, I conclude that this Court is without jurisdiction to review Pratt based on express and direct conflict. Accordingly, I dissent.
POLSTON, J., concurs.