IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAIRO RAFAEL NUNEZ AND
GABRIEL ROGELIO NUNEZ,

      Appellants,

 v.

                                  Case No.  5D14-4386

W. RILEY ALLEN,

      Appellee.

_____/

Opinion filed June 24, 2016

Appeal from the Circuit Court
for Orange County,
Donald A. Myers, Jr., Judge.

Elizabeth C. Wheeler, of Elizabeth
C. Wheeler, P.A., Orlando, for Appellants.

W. Riley Allen, of Riley Allen Law, and
Simon L. Wiseman, of The Wiseman Law
Firm, P.A., Orlando, and Thomas D. Hall, of
The Mills Firm, P.A., Tallahassee, for
Appellee.


LAMBERT, J.

     Jairo Rafael Nunez and Gabriel Nunez (collectively "Appellants") appeal from a

final judgment awarding W. Riley Allen ("Appellee") $343,590 in attorney's fees and legal

assistant's fees pursuant to section 768.79, Florida Statutes (2011), and Florida Rule of

Civil Procedure 1.442.[1] Concluding that the proposals for settlement served and filed by Appellee were ambiguous and therefore invalid, we reverse the final judgment.

This case resulted from a motor vehicle accident in which Gabriel Nunez was operating a vehicle owned by his father, Jairo Nunez, when he struck a truck owned by Appellee, which was lawfully parked in the street and unoccupied. Appellee filed a one-count complaint against Appellants, alleging that Gabriel Nunez negligently operated the vehicle and that Jairo Nunez, as the owner of the vehicle, was vicariously liable for his son's negligent driving. Appellee sought damages for, among other things, the post-repair diminution in the value of his truck, the cost of the repairs, and the loss of use of his truck. Appellants jointly answered the complaint.[2]

Appellee then served a separate proposal for settlement on each Appellant pursuant to rule 1.442. The proposal to Jairo Nunez provided:

> 1.  This Proposal for Settlement is made pursuant to Florida Statute § 768.79, and is extended in accordance with the provisions of Rule 1.442, Fla.R.Civ.P.
>
> 2.  The Proposal for Settlement is made on behalf of Plaintiff, W. RILEY ALLEN, and is made to Defendant, JAIRO RAFAEL NUNEZ.
>
> 3.  This Proposal for Settlement is made for the purpose of settling any and all claims made in this cause by Plaintiff, W. RILEY ALLEN, against defendant, JAIRO RAFAEL NUNEZ.
>
> 4.  That in exchange for TWENTY THOUSAND AND 00/100 DOLLARS ($20,000.00) in hand paid from defendant, JAIRO RAFAEL NUNEZ, Plaintiff agrees to settle any and all claims asserted against Defendant as identified in Case Number

---

[1] The final judgment also awarded Appellee interest in the sum of $10,686.59, plus an $11,380 expert witness fee to counsel who testified on Appellee's behalf at the attorney fee hearing.

[2] Appellants were represented by the same counsel.

2

2010-CA-25627-0, brought in and for the Circuit Court in and for Orange County, Florida.[3]

5. This Proposal for Settlement is inclusive of all damages claimed by Plaintiff, W. RILEY ALLEN, including all claims for interest, costs, and expenses and any claims for attorney's fees.

Appellee contemporaneously served an identical proposal for settlement on Co-Appellant, Gabriel Nunez, except that Gabriel Nunez's name was substituted in place of Jairo Nunez. Neither Appellant accepted the proposal for settlement; thus the proposals were considered rejected. *See* Fla. R. Civ. P. 1.442(f)(1) ("A proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal.").

Following a bench trial, the lower court rendered an amended final judgment in favor of Appellee against both Appellants in the sum of $29,785.97, reserving jurisdiction to award attorney's fees.[4] Because this award exceeded the proposal for settlement by more than twenty-five percent,[5] Appellee moved to enforce his proposals for settlement

---

[3] Case No. 2010-CA-25627-0 is the underlying negligence case between the parties.

[4] The damages awarded, post-judgment interest, and court costs have all been paid and are not part of this appeal.

[5] Section 768.79(1), Florida Statutes (2011), provides in pertinent part:

In any civil action for damages filed in the courts of this state, . . . [i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.

and for a determination that he was entitled to attorney's fees under the rule and statute.[6] Appellants moved to strike Appellee's proposals for settlement, essentially arguing that because paragraph five of the proposal stated that the monetary settlement was inclusive of all damages claimed by Appellee, the proposal was ambiguous as to whether acceptance and payment of one of the $20,000 proposals for settlement would have resolved the case against both Appellants or only against the individual Appellant accepting the proposal. Appellants also responded to Appellee's motion to enforce the proposals for settlement, arguing that, under the circumstances of the case, the separate $20,000 proposals for settlement should be considered in the aggregate, resulting in Appellee failing to meet the monetary threshold for an award of attorney's fees under section 768.79(1).

The trial court denied Appellants' motion to strike the proposals for settlement and granted Appellee's motion to enforce the proposals, finding that the proposals for settlement were sufficiently clear and unambiguous and, thus, valid and enforceable. Following an evidentiary hearing, at which each side presented expert witness testimony, the trial court entered the final judgment now on appeal.

Appellants raise the following arguments on appeal: (1) the language contained in paragraph five of the proposals for settlement caused the proposals to be ambiguous and, therefore, unenforceable; (2) alternatively, if the proposals for settlement were not ambiguous, then the trial court erred in not considering them in the aggregate, causing

---

[6] "Section 768.79 provides the substantive law concerning offers and demands of judgments, while Florida Rule of Civil Procedure 1.442 provides for its procedural mechanism." *Winter Park Imports, Inc. v. JM Family Enters.*, 66 So. 3d 336, 338 (Fla. 5th DCA 2011) (citing *Saenz v. Campos*, 967 So. 2d 1114, 1116 (Fla. 4th DCA 2007)).

4

Appellee to fail to meet the monetary threshold for attorney's fees; (3) if the proposals for settlement are otherwise enforceable, Appellee should not be awarded attorney's fees for representing himself or, at the very least, should not be awarded attorney's fees for services he rendered after Appellee's co-counsel began representing him; and (4) the amount of the attorney's fees awarded for this case was unreasonable and not supported by competent substantial evidence. We find the first issue dispositive, and therefore we decline to address the merits of the remaining issues.

"The eligibility to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo." *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015) (citing *Frosti v. Creel*, 979 So. 2d 912, 915 (Fla. 2008)). As we wrote in *Hilton Hotels Corp. v. Anderson*, 153 So. 3d 412 (Fla. 5th DCA 2014):

> An award of attorney's fees under section 768.79 is a sanction against the rejecting party for the refusal to accept what is presumed to be a reasonable offer. *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 222 (Fla. 2003). Because the statute is penal in nature, it must be strictly construed in favor of the one against whom the penalty is imposed and is never to be extended by construction. *Id.* at 223. Strict construction of section 768.79 is also required because the statute is in derogation of the common law rule that each party is to pay its own attorney's fees. *Campbell v. Goldman,* 959 So. 2d 223, 226 (Fla. 2007). Because the statute must be strictly construed, a proposal that is ambiguous will be held to be unenforceable. *Stasio v. McManaway,* 936 So. 2d 676, 678 (Fla. 5th DCA 2006). Furthermore, the burden of clarifying the intent or extent of a proposal for settlement cannot be placed on the party to whom the proposal is made. *Dryden v. Pedemonti,* 910 So. 2d 854, 855 (Fla. 5th DCA 2005).

153 So. 3d at 415.

In this case, the threshold question is whether the proposal for settlement is ambiguous. Our supreme court has told us that, "given the nature of language, it may be

5

impossible to eliminate all ambiguity" from a rule 1.442 proposal for settlement. *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). The dispositive question then is whether ambiguity in a proposal for settlement reasonably affected the offeree's decision to accept the proposal. *See id.* If so, then the proposal for settlement is not sufficiently clear and is not enforceable. *See id.*

We agree with Appellants that the language in paragraph five of the proposals for settlement rendered the proposals ambiguous. Initially, paragraphs two, three, and four in each proposal for settlement make clear that payment of $20,000 by the Appellant named in the proposal would settle Appellee's claims brought in the case against that specific Appellant. However, paragraph five then stated that the proposal for settlement was inclusive of "all damages" claimed by Appellee. As "all damages" claimed arguably are those that could have been (and were) imposed on both Appellants in this case, paragraph five of Appellee's proposal for settlement could be reasonably interpreted to mean that the acceptance of the proposal for settlement by only one of the Appellants resolved Appellee's entire claim against both Appellants. Put differently, if paragraph five had stated that the proposal was inclusive of all damages claimed by Appellee against the *individually named Appellant*, similar to the language in paragraph three of the proposal, there would have been no ambiguity.

Although not directly on point, we find the reasoning of our sister court in *Tran v. Anvil Iron Works, Inc.*, 110 So. 3d 923 (Fla. 2d DCA 2013), persuasive. In *Tran*, the plaintiff was injured in an automobile accident and sued the driver of the other vehicle and his corporate employer, which owned the vehicle. *Tran*, 110 So. 3d at 924. During the course of the litigation, plaintiff tendered separate proposals for settlement on the

6

individual defendant and on the corporate defendant.  *Id.*  Each proposal was specific as to the one defendant named therein and each stated that, as a condition of the proposal, the plaintiff would voluntarily dismiss, with prejudice, any and all claims against the specific defendant named in the proposal for settlement.  *Id.*  Plaintiff attached to the proposal for settlement a copy of the proposed notice of voluntary dismissal with prejudice to be filed if the proposal was accepted.  *Id.*  However, the attached dismissal notice named both defendants and indicated that the case would be dismissed against both defendants.  *Id.* at 924–25.

Neither defendant accepted the proposal for settlement.  *Id.* at 925.  Based on the result at trial, plaintiff moved to enforce the proposals.  *Id.*  The trial court denied the motion, finding that the proposals for settlement were ambiguous because, while the body of the proposals did not indicate that both defendants would be dismissed, the notices of dismissal attached to the respective proposals did.  *Id.*

The Second District Court of Appeal affirmed on this issue.[7]  *Id.* at 926.  The court held that the document was ambiguous because it was unclear whether acceptance of the proposal by one of the defendants would result in a dismissal only against that defendant or against both defendants.  *Id.*  The court stated that this discrepancy could reasonably affect the decision to accept the proposal because:

> [O]ne defendant might want to accept the proposal directed to it only if it knows for certain that its payment would result in the release of both defendants. This may be especially significant in a case such as this where one defendant is the employer/owner of the car and the other defendant is the employee who was driving the car.

---

[7] The court reversed on a separate issue not relevant to the present proceedings.

7

*Id.*

Admittedly, in the instant case, there were no specific nonmonetary terms, such as dismissal of the action, described in the respective proposals. However, as previously discussed, the language in the proposals themselves raised the legitimate question as to whether acceptance resolved Appellee's claim for "all damages" against just the named offeree or resolved the entire claim against both Appellants. As recognized in *Tran*, this may be significant in a case such as this where one defendant is the permissive driver of the vehicle and the other defendant is vicariously liable by being the owner of the vehicle.

Accordingly, because we find that the proposals for settlement in this case were ambiguous and therefore invalid, we reverse the final judgment on appeal in its entirety.[8]

REVERSED.

WALLIS and EDWARDS, JJ., concur.

---

[8] The proposals for settlement also neglected to include a separate statement as to whether attorney's fees were part of the legal claim. The Fourth District Court of Appeal in *Deer Valley Realty, Inc. v. SB Hotel Assocs., LLC*, 190 So. 3d 203 (Fla. 4th DCA 2016), and the First District Court of Appeal in *Colvin v. Clements & Ashmore, P.A.*, 182 So. 3d 924, 925–26 (Fla. 1st DCA 2016), have recently held that proposals for settlement lacking this specific language were invalid and unenforceable. However, this issue was not raised in the instant case and, therefore, we do not consider it.