POLSTON, J., dissenting.
*1219 Because the Fifth District's decision in Nunez v. Allen , 194 So.3d 554, 556 (Fla. 5th DCA 2016), does not expressly and directly conflict with the decisions argued by the Petitioner during jurisdictional briefing, this Court does not have the constitutional authority to review this case.[3] Accordingly, I respectfully dissent.
Specifically, this case is distinguishable from Anderson v. Hilton Hotels Corp. , 202 So.3d 846 (Fla. 2016). In Anderson , 202 So.3d at 849, 854-55, this Court considered whether the term "Plaintiff" in separate proposals for settlement from two different plaintiffs to multiple defendants could reasonably be construed to include both plaintiffs. This Court held that the proposals for settlement were unambiguous as they were clearly only intended to settle the claims of the individual plaintiff named in the proposals. Id. In contrast, in this case, there was only one plaintiff who sent two proposals for settlement to two different defendants, a father and son. Nunez , 194 So.3d at 556. The Fifth District determined that the proposals for settlement were ambiguous because it was unclear whether the language "all damages claimed by the Plaintiff" (where both defendants were coextensively liable for all of the alleged damages) meant that payment of the delineated amount (which was the same figure in both proposals) would settle the case as to one or both of the defendants. Id. at 558. Therefore, because there was only one plaintiff in Nunez rather than the two plaintiffs involved in Anderson , and because different clauses were analyzed, Nunez and Anderson do not conflict.
Additionally, Nunez is not in conflict with Kuhajda v. Borden Dairy Co. of Alabama , 202 So.3d 391 (Fla. 2016). In Kuhajda , 202 So.3d at 395, this Court considered whether an offer for settlement must meet a requirement stated in Florida Rule of Civil Procedure 1.442 that is not listed in section 768.79, Florida Statutes. This Court in Kuhajda , 202 So.3d at 395, also considered whether "the failure to include the attorney's fees language in the offer of judgment" created ambiguity when attorney's fees were not sought in the pleadings. Therefore, because Kuhajda addressed different issues of law than Nunez , the decisions do not conflict.
Accordingly, because there is no express and direct conflict between Nunez and the decisions argued by the parties during jurisdictional briefing, this Court does not have the authority to review this case. I respectfully dissent.
CANADY, C.J., and LAWSON, J., concur.

In my view, our jurisprudence in this area of the law seems inconsistently applied and unpredictable. Even if there are other cases cited by the majority (not argued by the Petitioner) that are in conflict, I would not exercise jurisdiction.