890 So.2d 448 (2004)
Julia THOMAS, et al., Appellants,
v.
HERTZ CORPORATION, etc., Appellee.
No. 3D03-1000.
District Court of Appeal of Florida, Third District.
December 29, 2004.
Medvin, Tropp & Associates, Coral Gables; Deutsch & Blumberg and James C. Blecke, Miami, for appellants.
Cooney, Mattson, Lance, Blackburn, Richards & O'Connor and Bruce M. Trybus and Warren B. Kwavnick (Ft.Lauderdale), for appellee.
Before LEVY and RAMIREZ, JJ., and HARRIS, CHARLES M., Senior Judge.
PER CURIAM.
Julia and Victor Thomas ("appellants"), were involved in an automobile accident with a Hertz-owned vehicle that was driven by Sharien Pierce n/k/a Sharien Pendleton ("Pendleton"). Appellants sued Hertz under theories of vicarious liability and negligent entrustment.
The parties stipulated that Pendleton acquired the car and was driving it at the time of the accident. Hertz denied liability on the ground that the vehicle was stolen. When Pendleton acquired the vehicle from Hertz, she presented a State-issued Florida Driver's License, depicting her photograph but bearing the name "Tracie O'Brien." Ms. Pendleton paid for the rental vehicle with a credit card bearing the O'Brien name. During the lease term, Ms. Pendleton was granted a two-day *449 extension on the lease. Hertz denied a second request for extension. The accident occurred after Hertz denied the second extension request. Thus, at the time of the accident, the lease term was expired. Capital One, the credit card Pendleton presented, paid Hertz for the rental vehicle. There is no evidence that Hertz reported the vehicle stolen. Hertz moved for Summary Judgment on both the vicarious liability and the negligent entrustment counts. The trial court concluded that Pendleton acquired the vehicle by theft, relieving Hertz of vicarious liability, and granted summary judgment in favor of Hertz on both counts. Appellants appeal. We affirm.
Florida courts recognize a conversion or theft exception to the strict liability imposed under the dangerous instrumentality doctrine.[1]Hertz v. Jackson, 617 So.2d 1051, 1053 (Fla.1993). Specifically, the Supreme Court of Florida has recognized that "a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for the negligence of one to whom the owner has granted consent to operate the vehicle." Hertz, 617 So.2d at 1053 (citing Susco Car Rental System v. Leonard, 112 So.2d 832, 835-36 (Fla.1959)).
Section 812.014(1), Florida Statutes explains that a theft occurs when a person "knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit from the property. (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property." § 812.014(1), Fla. Stat. (2003). Section 812.012(3)(c), Florida Statutes defines "obtains or uses" as any manner of "[o]btaining property by fraud, willful misrepresentation of a future act, or false promise." § 812.012(3)(c), Fla. Stat. (2003). Moreover, a conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." Warshall v. Price, 629 So.2d 903 (Fla. 4th DCA 1993). In the instant case, Pendleton clearly obtained the Hertz rental by fraud, and intended to deprive Hertz of its benefit from the vehicle.
Although the Supreme Court of Florida previously held that the question of whether a vehicle was the subject of a theft or conversion is a question of fact, where the circumstances surrounding the theft or conversion are unrefuted, Summary Judgment is proper. Hertz v. Jackson, 617 So.2d at 1054.
In Hertz v. Jackson, the Court held that the unrefuted facts supported Summary Judgment. In Hertz, the car was rented for two days and never returned. Hertz learned that the car was fraudulently obtained twelve days later and immediately sent certified demands for the car's return to the individual renters. Additionally, when the certified notices were returned undeliverable, Hertz reported the car stolen; the accident occurred eleven days after the vehicle was reported stolen. Hertz v. Jackson, 617 So.2d at 1054.
Similarly, in the instant case, the vehicle was rented on August 14, 1997, for an August 15, 1997 return. On August 15, 1997, a two-day extension was granted by Hertz. The vehicle was due on August 17, 1997; on that day, an additional extension was sought but was denied by Hertz. The accident occurred on August 19, 1997, two days after the vehicle was due. Moreover, *450 Ms. Pendleton obtained the vehicle with fraudulent identification, and testified that she probably would not have returned the vehicle: "My intent was to do what I had to do and leave. I never stayed long anywhere. I do what I come to do and then I'm gone. What they do after that ... if they return [the vehicle], they return it. If they don't they don't." Cf. Stupak v. Winter Park Leasing, Inc., 585 So.2d 283, 284 (Fla.1991) (where the Court reversed Summary Judgment, finding that a question of fact existed regarding whether the use of the car beyond the expiration date of the rental agreement constituted a conversion or theft is an issue of fact precluding Summary Judgment, where the accident occurred one day after the rental agreement expired and where there was no allegation or admission of theft or conversion.). Thus, where the unrefuted facts support the conclusion that the vehicle was the subject a theft or conversion, the trial court properly granted Summary Judgment in favor of Hertz.
Accordingly, we affirm Summary Judgment in favor of Hertz.
Affirmed.
NOTES
[1] Under Florida's dangerous instrumentality doctrine, the owner of a motor vehicle who voluntarily entrusts it to another is subject to strict vicarious liability for any damages/injuries caused by the driver of the vehicle. Hertz Corp. v. Jackson, 617 So.2d 1051 (Fla.1993).