942 So.2d 1008 (2006)
Brenda "Elaine" EASTERS, Appellant,
v.
Barbara RUSSELL, M.D., individually, and Barbara Russell, M.D., P.A., a Florida corporation, Appellees.
No. 2D06-655.
District Court of Appeal of Florida, Second District.
December 6, 2006.
William J. Schifino, Jr., V. Stephen Cohen, and Shane B. Vogt of Williams Schifino Mangione & Steady, P.A., Tampa, for Appellant.
Vance R. Dawson and Laura B. Floyd of Rissman, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellees.
ALTENBERND, Judge.
Brenda "Elaine" Easters appeals an order denying her motion for attorneys' fees in a medical malpractice action. She *1009 sought fees based on a proposal for settlement under section 768.79, Florida Statutes (2002), and Florida Rule of Civil Procedure 1.442. Because the proposal was an undifferentiated proposal to Barbara Russell, M.D., and her professional association, Barbara Russell, M.D., P.A., we are compelled to affirm the trial court's ruling. See Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005). The fact that the professional association is entirely owned and controlled by Dr. Russell, that its liability is purely vicarious for her actions, and that damages could not be logically apportioned between these two defendants is apparently not a basis to permit such an offer of judgment. The fact that the offer permits either or both defendants to pay the proposed settlement and gives them the option to determine whether or how to apportion their contribution to the settlement is likewise not an exception to the rule announced in Lamb.
Ms. Easters sued Dr. Russell and her professional association in November 2000, alleging that Dr. Russell had negligently left surgical packing gauze in her abdomen during surgery in 1998. The case was tried in 2005, and the jury returned a verdict in favor of Ms. Easters in the amount of $22,500.
Following trial, Ms. Easters filed a timely motion for attorneys' fees, relying on a proposal for settlement in the amount of $7499.99 that had been served on Dr. Russell and her professional association in September 2002. The proposal offered to settle all claims asserted against both Dr. Russell and her professional association for this amount. It states: "Upon acceptance of this Proposal, and payment in full of the proposal amount set forth below by Russell, and/or Russell, P.A., Easters will fully release Defendants and their insurance carriers from all claims arising out of the incident described in Easters' Complaint." It further explained that the $7499.99 could be paid by Dr. Russell, her professional association, "or any combination thereof."
Dr. Russell and her professional association argued in the trial court that this proposal for settlement was not enforceable under rule 1.442 because it did not contain separate settlement amounts for each defendant and was an "undifferentiated" offer under the holding in Lamb. Ms. Easters responded by pointing out that Dr. Russell and her professional association, who were represented by one law firm, had jointly made undifferentiated offers to Ms. Easters both before and after her undifferentiated proposal. The trial court apparently concluded that all parties to this action had failed to comply with the rule and denied fees to Ms. Easters.
The offers made by Dr. Russell and her professional association were properly made under the holding in Barnes v. The Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003), but that case was overruled in Lamb.[1] We are unconvinced that the format of the offers made by Dr. Russell and her professional association can relieve Ms. Easters of the requirements of rule 1.442 as explained by the supreme court in Lamb.
The parties all agree that Ms. Easters could have sent a proposal to settle only with Dr. Russell for $7499.99, and it would have been valid. Likewise, she could have sent a similar offer to Russell, P.A., and it would have been valid. We are inclined to believe that she could have revealed her intention to dismiss the entire lawsuit with prejudice upon receipt of either of these payments, and the proposals would still *1010 have satisfied the holding in Lamb. Her "and/or" approach to the joint proposal, however, did not "state the amount and terms attributable to each party." At best, the defendants were left to determine the amount and terms of the settlement between themselves.
Admittedly, the professional association is only liable on a vicarious basis in this case. Moreover, there are no other doctors who are members of the professional association and Dr. Russell would appear to have total control of both her personal decision and that of her professional association. The supreme court, however, has held that rule 1.442 must be strictly construed, and we conclude that we cannot validate this proposal even under these circumstances.[2]
In the absence of the decision in Lamb, this court would hold that the provision in rule 1.442(c)(3) stating, "A joint proposal shall state the amount and terms attributable to each party," permits an "and/or" offer to two defendants when one is only vicariously liable because such an offer states an amount and terms by which either defendant can obtain a dismissal with prejudice. The fact that the other defendant is also dismissed would seem to be of no importance. If the supreme court concludes that we have misread Lamb and that this result is not required by the holding in Lamb, then this decision may conflict with Lamb.
Affirmed.
WHATLEY, J., and CURRY, CHARLES B., Associate Judge, Concur.
NOTES
[1] We assume that our similar holding in RDR Computer Consulting Corp. v. Eurodirect, Inc., 884 So.2d 1053 (Fla. 2d DCA 2004), was implicitly overruled in Lamb.
[2] We are aware that Judge Farmer believes that this rule does not need to be strictly construed. See Hauss v. Waxman, 914 So.2d 474 (Fla. 4th DCA 2005) (Farmer, J., concurring); see also Goldman v. Campbell, 920 So.2d 1264, 1267 (Fla. 4th DCA 2006) (Farmer, J., concurring).