PER CURIAM.
The defendants in this medical malpractice action seek review of two rulings concerning admission of evidence, a ruling denying a peremptory strike during jury selection, and an order allowing attorney’s fees based upon unaccepted proposals for settlement. We affirm without comment the jury selection and evidentiary issues, which we review under the abuse of discretion standard. Thigpen v. United Parcel Servs., Inc., 990 So.2d 639, 645 (Fla. 4th DCA 2008). The attorney’s fee matter, which raises a challenge to the facial sufficiency of the proposals, is reviewed de novo. Nilo v. Fugate, 30 So.3d 623, 625 (Fla. 1st DCA 2010); Oasis v. Espinoza, 954 So.2d 632 (Fla. 3d DCA 2007). We reverse the order awarding attorney’s fees to the appellees, the plaintiffs below.
In their motion for trial attorney’s fees and costs and entry of final judgment, the appellees recounted that on September 2, 2009, they had sent three proposals for settlement to the appellants, who effectively rejected those proposals under Florida Rule of Civil Procedure 1.442(f)(1) by failing to accept them by delivery of a written notice of acceptance within 30 days after service of the proposal. On October 23, 2009, the jury returned a verdict in favor of the appellees in the amount of $510,175.00.
The trial court found plaintiff Mrs. Niosi’s proposal of settlement to Dr. Joseph as to Count One of the amended complaint invalid and unenforceable as a matter of law, a ruling the appellees do not challenge in this appeal. Mrs. Niosi served another proposal for settlement upon the vicariously hable corporate defendant in the amount of $239,999.00 as to Count Two of the amended complaint. The third proposal for settlement was Mr. Niosi’s proposal to Dr. Joseph and the corporate defendant in the amount of $19,999.00 to settle his consortium claim, Count Three. Section 768.79(6)(b), Florida Statutes (2007), states that “[i]f a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs ... and attorney’s fees....” The amount of the verdict in favor of Mrs. Niosi is at least 25 percent more than the amount of the offer; the same is true of the offer served by Mr. Niosi. In its amended final judgment, the court awarded the appellees’ fees in the amount of $94,610.50 based on the two proposals for settlement deemed valid and enforceable.
*700 In the trial court and in this appeal, the appellants opposed the appellees’ motion for attorney’s fees and costs, and the award itself, on the grounds that the two remaining proposals for settlement to multiple defendants are invalid and unenforceable as a matter of law. Specifically, the appellants argued that under Lamb v. Matetzschk, 906 So.2d 1037, 1040 (Fla.2005) (“Each defendant should be able to settle the suit knowing the extent of his or her financial responsibility.”), offers made to multiple parties — even if their liability is only vicarious — must be differentiated, yet the appellees’ proposals failed to comply with this requirement. Accord Attorneys’ Title Ins. Fund, Inc. v. Gorka, 36 So.3d 646, 650 (Fla.2010) (stating that rule 1.442 requires a joint offer to “state the amount and terms attributable to each party” and “state with particularity any relevant conditions”). Additionally, the appellants asserted that the two proposals failed to comply with the plain language in rule 1.442(c)(3) stating “[a] joint proposal shall state the amount and terms attributable to each party.” See Lamb, 906 So.2d at 1042; Easters v. Russell, 942 So.2d 1008 (Fla. 2d DCA 2006) (concluding that patient’s proposal to settle a medical malpractice action, sent jointly to the surgeon and the surgeon’s professional association, was not a valid proposal for settlement that would justify awarding the patient’s attorney’s fees, where the offer did not contain separate settlement amounts for each defendant and failed to state the amounts and terms attributable to each party); Heymann v. Free, 913 So.2d 11 (Fla. 1st DCA 2005) (on mot. for clarification). The Florida Supreme Court has made it clear that “any offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties’ decisions. Gorka, 36 So.3d at 650. Finally, acknowledging the rigidity of the present regime, our supreme court has amended rule 1.442(c), effective January 1, 2011, to provide that “[njotwithstanding subdivision (c)(3), when a party is alleged to be solely vicariously, constructively, derivatively, or technically liable, whether by operation of law or by contract, a joint proposal made by or served on such a party need not state the apportionment or contribution as to that party.”
The appellees do not (and cannot) meaningfully distinguish the holding in Easters to somehow justify the award of trial attorney’s fees based on the facially invalid proposals for settlement. Accordingly, we affirm the amended final judgment in part and reverse the award of the appellees’ attorney’s fees on the authority of Lamb, Gorka, and Easters.
AFFIRMED in part and REVERSED in part.
WOLF, KAHN, and WEBSTER, JJ., Concur.