SCHWARTZ, Senior Judge.
As a matter of law, the defendants’ unjustified and deliberate denial of access to what all agreed was the plaintiff appellant’s property, a large quantity of “fill” used in road construction, which had been stored on the appellee’s land by mutual agreement, constituted a conversion of that material which required the entry of a judgment in the appellant’s favor for its established value. See Thomas v. Hertz Corp., 890 So.2d 448 (Fla. 3d DCA 2004); Warshall v. Price, 629 So.2d 903 (Fla. 4th DCA 1993); Seymour v. Adams, 638 So.2d 1044 (Fla. 5th DCA 1994). See also Restatement (Second) of Torts § 223 (1965); § 221 (“A dispossession may be committed by intentionally ... barring the possessor’s access to a chattel.”); § 221 cmt. e (“[Ojne who is under a duty to admit to his land a possessor of a chattel who is seeking to obtain it has effectively dispossessed the other of his chattel if he refuses him access to it.”); § 222 cmt. a. (“Normally any dispossession is so clearly a serious interference with the right of control that it amounts to a conversion; and it is frequently said that any dispossession is a conversion.”)
Accordingly, the judgment in the defendants’ favor rendered after a non-jury trial below is to that extent reversed and the cause remanded for entry of judgment for the plaintiff upon computing the amount of material converted at $25.75 per ton.
There is no other error.
Affirmed in part, reversed in part.