# Third District Court of Appeal

## State of Florida

Opinion filed October 3, 2018.
This Opinion is not final until disposition of any further motion for rehearing and/or motion for rehearing en banc. Any previously-filed motion for rehearing en banc is deemed moot.

————————

No. 3D15-1594
Lower Tribunal No. 09-1214-K

————————

**Atlantic Civil, Inc., etc.,**
Appellant,

vs.

**Edwin O. Swift, III, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Shubin & Bass, P.A., and Jeffrey S. Bass and Katherine R. Maxwell; Hershoff, Lupino & Yagel, LLP, and James S. Lupino, for appellant.

Cole Scott & Kissane, P.A., and Kathryn L. Ender, for appellees.

Before ROTHENBERG, C.J.,[1] and SUAREZ and LAGOA, JJ.

———————————

[1] Chief Judge Rothenberg did not participate in oral argument, but participated in the decision.

LAGOA, J.

ON MOTION FOR REHEARING

Appellees, Edwin O. Swift, III ("Swift") and Key Haven Estates, LLC ("Key Haven"), move for rehearing of this Court's opinion, <u>Atlantic Civil, Inc., v. Swift</u>, 42 Fla. L. Weekly D516 (Fla. 3d DCA Mar. 1, 2017). Upon consideration of the motion for rehearing and Appellant Atlantic Civil, Inc.'s ("Atlantic Civil") response, we grant the motion for rehearing, withdraw our prior opinion, and substitute the following opinion it its place.[2]

Atlantic Civil appeals the denial of its second renewed motion for attorneys' fees based upon a Proposal for Settlement (the "Proposal") served pursuant to the offer of judgment statute, section 768.79, Florida Statues (2010), and Florida Rule of Civil Procedure 1.442. We hold that the Proposal was invalid under <u>Attorneys' Title Insurance Fund, Inc. v. Gorka</u>, 36 So. 3d 646 (Fla. 2010), and affirm.

I.    FACTUAL AND PROCEDURAL HISTORY

In 2008, Atlantic Civil entered into a contract with the Florida Department of Transportation that required it to excavate fill material along a section of highway located in Monroe County. Atlantic Civil temporarily stored the fill material on land owned by Key Haven. Swift is the managing member of Key

---

[2] In the same motion, the appellees also moved for certification of conflict to the Supreme Court of Florida. That aspect of the motion is denied.

2

Haven. A dispute arose concerning ownership of the fill material, and as a result, Atlantic Civil filed suit against Swift, individually, and Key Haven. The operative complaint alleged a count for conversion against Swift and Key Haven (Count I), a count for unjust enrichment against Key Haven (Count II), and a count for tortious interference against Swift and Key Haven (Count III).

On February 4, 2010, Atlantic Civil served the Proposal on Swift and Key Haven pursuant to section 768.79, Florida Statutes, and rule 1.442. The Proposal provided, in relevant part, as follows:

PROPOSAL FOR SETTLEMENT

Plaintiff Atlantic Civil, Inc. ("ACI"), by and through undersigned counsel and pursuant to Section 768.79, Florida Statutes and Rule 1.442, Florida Rules of Civil Procedure, makes the following proposal for settlement to defendants Edwin O. Swift, III ("Swift") and Key Haven Estates, LLC ("Key Haven") (collectively, "Defendants"), the terms of which are as follows.

1. Nature of Resolved Claims. ACI proposes to resolve all claims brought by ACI against Defendants in the above-captioned action . . . .

2. Amount of Proposal. . . . ACI proposes that Defendants pay ACI the total amount of FIFTY THOUSAND DOLLARS ($50,000.00) apportioned as follows: from Swift to ACI, the amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and from Key Haven to ACI, the amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), in full and complete settlement of the claims identified in paragraph (1) above.

3

3. <u>Proposal Inclusive of Attorney's Fees.</u> The total amount of FIFTY THOUSAND DOLLARS ($50,000.00) demanded in paragraph (2) above includes attorney's fees and costs.

\* \* \*

5. <u>Nonmonetary or Other Conditions.</u> This proposal is conditioned on the mutual exchange of general releases (attached hereto as Exhibits A and B) as described in this paragraph. ACI will dismiss this action with prejudice and execute a general release, in favor of Defendants, of the claims identified in paragraph (1) above. Likewise, Defendants will execute a general release, in favor of ACI, of all counterclaims arising from or connected to this action which, if not asserted herein, would be barred by final judgment in this matter.

6. <u>Acceptance or Rejection of Proposal.</u> This proposal shall be deemed rejected unless Defendants accept it by delivering written notice of acceptance to ACI within thirty (30) days . . . . If Defendants do not timely accept this proposal, Swift and/or Key Haven may be liable for reasonable attorney's fees and costs incurred by ACI from the date of filing this proposal pursuant to Section 768.79, Florida Statutes.

The Proposal was not accepted, and the matter proceeded to a bench trial.

The trial court found Swift and Key Haven not liable on all counts and entered final judgment in their favor. Atlantic Civil appealed the final judgment to this Court in <u>Atlantic Civil, Inc. v. Swift</u>, 118 So. 3d 271 (Fla. 3d DCA 2013). This Court affirmed in part and reversed in part, finding that Atlantic Civil established its claim for conversion as a matter of law, and remanded for entry of a judgment in favor of Atlantic Civil. <u>Id.</u> at 271. On remand, the trial court entered

4

an amended final judgment in favor of Atlantic Civil and against Swift and Key Haven, jointly and severally, in the amount of $86,108.51.

Atlantic Civil moved for attorneys' fees based on the Proposal. In its second renewed motion for attorneys' fees, Atlantic Civil argued that "[b]ecause the Final Judgment for [Atlantic Civil] is greater than $62,500, which amount is 25 percent greater than the Proposal for Settlement the Defendants rejected, [Atlantic Civil] is entitled to recover the attorneys' fees and costs it incurred from February 4, 2010, the date of the Proposal for Settlement," pursuant to section 768.79.[3] Swift and Key Haven filed a memorandum in opposition to Atlantic Civil's motion for attorneys' fees, arguing that the Proposal was invalid because, among other reasons, it was conditioned on both Swift and Key Haven accepting the Proposal, and thereby deprived each defendant of independent control of his or its decision to settle. The trial court conducted a hearing on the motion and made an oral finding that the language of the proposal "defeats the required opportunity to independently evaluate and settle the claim." The trial court entered an order

---

[3] Section 768.79 states in relevant part:

> If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.

§ 768.79(1), Fla. Stat. (2010).

denying Atlantic Civil's second renewed motion for attorneys' fees, finding "for the reasons stated on the record, that the Plaintiff's Proposal for Settlement fails to satisfy the particularity requirement of Rule 1.442 of the Florida Rules of Civil Procedure and is ambiguous." This appeal followed.

## II.  STANDARD OF REVIEW

"The eligibility to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo." Pratt v. Weiss, 161 So. 3d 1268, 1271 (Fla. 2015); see also Key W. Seaside, LLC v. Certified Lower Keys Plumbing, Inc., 208 So. 3d 718, 720 n.1 (Fla. 3d DCA 2015) ("This Court reviews de novo a trial court's ruling on a motion to award attorney's fees and costs pursuant to the offer of judgment statute and rule.").

## III.  ANALYSIS

Florida courts are required to strictly construe the provisions of the offer of judgment statute, section 768.79, and rule 1.442, which implements section 768.79. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003); see, e.g., Audiffred v. Arnold, 161 So. 3d 1274, 1279 (Fla. 2015) (applying "the required strict construction of the rule and the statute" in finding that the offer, which would have resolved all pending claims by two plaintiffs against one defendant, must be treated as a joint proposal). This is so because the statute and rule "are in derogation of the common law rule that each party should pay its own

6

fees." Kuhajda v. Borden Dairy Co. of Ala., LLC., 202 So. 3d 391, 394 (Fla. 2016); see also Pratt, 161 So. 3d at 1271 ("This Court has held that subdivision (c)(3) of rule 1.442, which requires a joint proposal to state the amount and terms attributable to each offeror or offeree, must be strictly construed because it, as well as the offer of judgment statute, is in derogation of the common law rule that each party is responsible for its own fees.").

In Attorneys' Title Insurance Fund, Inc. v. Gorka, 36 So. 3d 646 (Fla. 2010), the Florida Supreme Court's strict application of the apportionment requirement of rule 1.442(c)(3)[4] resulted in the invalidation of a joint proposal for settlement "where one defendant presented an offer to two plaintiffs that was conditioned upon the acceptance of both plaintiffs." Pratt, 161 So. 3d at 1272 (stating that "[s]trict application" of the apportionment requirement of rule 1.442 resulted in invalidation of proposal for settlement in Gorka). In Gorka, the issue before the Court was "whether a joint offer of settlement or judgment that is conditioned on the mutual acceptance of all of the joint offerees is valid and enforceable." 36 So. 3d at 649. The specific proposal for settlement at issue was made by defendant, Attorneys' Title Insurance Fund, Inc., to two plaintiffs, Gorka and Larson, and

---

[4] Rule 1.442(c)(3), which sets forth the requirements for joint proposals such as the one at issue here, provides as follows: "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party."

7

"offered payment of $12,500 to Gorka and payment of $12,500 to Larson in full settlement of all claimed damages, attorneys' fees, and costs." Attorneys' Title Ins. Fund, Inc. v. Gorka, 989 So. 2d 1210, 1211 (Fla. 2d DCA 2008). The proposal was further "'conditioned upon the offer being accepted by both John W. Gorka and Laurel Lee Larson. In other words, the offer can only be accepted if both John W. Gorka and Laurel Lee Larson accept and neither Plaintiff can independently accept the offer without their co-plaintiff joining in the settlement.'" Id.

The Court held that the proposal was invalid "because it is conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal." Gorka, 36 So. 3d at 647; see also Audiffred, 161 So. 3d at 1279 ("We held that the proposal in Gorka was invalid because the conditional nature of the offer divested each plaintiff of independent control over the decision to settle."); Pratt, 161 So. 3d at 1272 (same). In reaching its conclusion, the Court explained that:

> we have drawn from the plain language of rule 1.442 the principle that to be valid and enforceable a joint offer must (1) state the amount and terms attributable to each party, and (2) state with particularity any relevant conditions. A review of our precedent reveals that *this principle inherently requires that an offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions*. Otherwise, a party's exposure to potential consequences from the litigation would be

8

dependently interlocked with the decision of the other offerees.

Gorka, 36 So. 3d at 650 (emphasis added) (citation omitted).

Significantly, the rule set forth in Gorka that a joint proposal for settlement must be structured such that each offeree can independently evaluate and settle his or her respective claim irrespective of any other offeree's decision has been applied in the absence of language expressly requiring mutual acceptance. See Pacheco v. Gonzalez, 43 Fla. L. Weekly D1084, D1086 n.6 (Fla. 3d DCA May 16, 2018) ("[W]e find no logical basis to prevent Gorka from applying to proposals for settlement where the text, though not explicitly requiring mutual acceptance, clearly prevents either offeree from independently evaluating the settlement offer."); see also Chastain v. Chastain, 119 So. 3d 547, 550 (Fla. 1st DCA 2013) (applying Gorka to invalidate a proposal for settlement that "did not expressly require joint acceptance," but was "clear . . . that there was one offer in the amount of $5,002 and that the offer . . . was conditioned on joint acceptance"); Schantz v. Sekine, 60 So. 3d 444, 446 (Fla. 1st DCA 2011) (finding proposal for settlement invalid under Gorka where "[a]lthough not as direct as the wording of the settlement offer in Gorka, the . . . language [stating that 'Plaintiffs shall execute a general release' and that the proposal 'shall be deemed rejected by the Plaintiffs' if not accepted] . . . conditions settlement on Appellants' mutual acceptance of the offer and joint action in accordance with its terms").

9

Applying these principles to the instant case, we find the Proposal to be invalid and unenforceable. Paragraph 2 of the Proposal requires that "Defendants pay ACI the total amount of FIFTY THOUSAND DOLLARS ($50,000.00)" in order to settle Atlantic Civil's claim. Paragraph 3 reiterates that Atlantic Civil demands "[t]he total amount of FIFTY THOUSAND DOLLARS ($50,000.00)." The Proposal therefore seeks the single sum of $50,000. And although the Proposal apportions that total sum as a payment from Swift to Atlantic Civil in the amount of $25,000 and a payment from Key Haven to Atlantic Civil in the amount of $25,000, it does not state how much either party would be required to pay to settle Civil Atlantic's claim on his or its own. Additionally, the Proposal requires that the "Defendants will execute a general release" and that the Proposal "shall be deemed rejected unless Defendants accept it," thereby conditioning settlement on Swift and Key Haven's "mutual acceptance of the offer and joint action in accordance with its terms." See Schantz, 60 So. 3d at 446. We therefore find that the Proposal fails to meet Gorka's requirement that both offerees—Swift and Key Haven—be able to "independently evaluate or settle his or her respective claim by accepting the proposal."[5]  36 So. 3d at 647. Accordingly, we hold that the

---

[5] Atlantic Civil argues that Swift possessed the authority to bind Key Haven at least to an amount of $25,000. The fact that Swift had full authority to do so, however, does not relieve the Proposal of its conditional nature. Indeed, Swift's considerations in determining whether to settle the individual claims may be different from those at issue in determining whether to settle on behalf of Key Haven.

Proposal is an invalid joint proposal for settlement, which cannot form the basis of an award of attorneys' fees under section 768.79 and pursuant to rule 1.442.[6] See Pacheco, 43 Fla. L. Weekly at D1086 (holding joint proposal for settlement that was unclear as to how much each defendant would have to pay if either wanted to settle and required "'acceptance of this offer by the . . . DEFENDANTS'" to be invalid under Gorka).

IV.    CONCLUSION

"[P]roposals for settlement made under section 768.79 and rule 1.442 have . . . generated significant ancillary litigation and case law." Id. And although expressly permitted under rule 1.442(c)(3), "joint proposals have become a trap for the wary and unwary alike" under the principle set forth in Gorka. Id. at D1087. For that reason, we once again take the opportunity to caution counsel in our district to avoid joint proposals. See id.

---

[6] We note that neither of the two exceptions to the rule articulated in Gorka is applicable here. First, as we explained in Pacheco, Gorka "does not apply to a proposal for settlement made by multiple offerors to a single offeree." 43 Fla. L. Weekly at D1086. In the instant case, the Proposal was made by a single offeror to joint offerees. Thus, this exception does not apply. The second limitation on Gorka applies when "a party is alleged to be solely vicariously, constructively, derivatively, or technically liable" pursuant to rule 1.442(c)(4). Id. Atlantic Civil does not assert that it is entitled to attorneys' fees pursuant to subdivision (c)(4) of rule 1.442 and a review of the Amended Complaint shows that Atlantic Civil does not allege that Swift or Key Haven is solely vicariously liable. See id. ("The plain language of rule 1.442(c)(4) limits its application to scenarios where a party's liability is alleged to be solely vicarious or otherwise indirect.").

11

Because the Proposal deprived Swift and Key Haven of the ability to independently evaluate and accept Atlantic Civil's offer to settle its claims, we hold that the Proposal is invalid under the dictates of <u>Gorka</u>. Accordingly, the trial court's order denying Atlantic Civil's second renewed motion for attorneys' fees is affirmed.

Affirmed.