# Third District Court of Appeal
## State of Florida

Opinion filed March 20, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1736
Lower Tribunal No. 15-14374
_____

**Webjet Linhas Aereas S.A., etc., et al.,**
Appellants,

vs.

**ZGA Aircraft Leasing, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

King & Spalding LLP, and W. Randall Bassett and Drew T. Bell, (Austin, TX), for appellants.

No appearance, for appellee.

Before LOGUE, C.J.,[1] and SCALES, and MILLER, JJ.

SCALES, J.

---

[1] Chief Judge Logue did not participate in oral argument.

Appellants GOL Linhas Aereas, S.A. ("GOL") and Webjet Linhas Aereas, S.A. ("Webjet") (together, "Appellants"), the defendants below, appeal the trial court's September 7, 2022 order denying their motion seeking attorneys' fees pursuant to their June 2021 proposal for settlement. See § 768.79, Fla. Stat. (2021). We reverse the challenged order because appellee ZGA Aircraft Leasing, Inc.'s ("ZGA") complaint alleged that offeror GOL's liability was merely constructive and, therefore, the joint proposal was not required to state the amounts attributable to each appellant offeror. See Fla. R. Civ. P. 1.442(c).

## I.  RELEVANT FACTS AND PROCEDURAL BACKGROUND

ZGA is a closely held Brazilian corporation owned by Roberto Zotti. GOL is a low-cost, economy airline based in Brazil. In 2010, GOL acquired Webjet, another low-cost Brazilian airline. All of Webjet's assets and services were subsequently incorporated into GOL, which controls the corporate entity.

In 2013, ZGA approached GOL seeking to buy six Boeing 737-300 aircraft that GOL had acquired when it purchased Webjet. ZGA sent Webjet a signed, proposed purchase agreement naming Webjet as seller and ZGA as purchaser. Webjet requested that additional conditions had to be agreed

2

upon before finalizing any sale of the aircraft. Allegedly, ZGA never agreed to these additional terms, and by the following year the negotiations failed. Ultimately, Appellants sold the aircraft to another party.

In 2015, ZGA filed suit against Appellants in Miami-Dade County Circuit Court, seeking to have the trial court determine that the purchase agreement was valid and enforceable (Count I), alleging breach of the purchase agreement for failure to deliver the aircraft (Count II), and seeking to impose alter ego liability upon GOL and to pierce GOL's corporate veil (Count III).

In June 2021, pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79 of the Florida Statutes, Appellants served ZGA with a proposal for settlement in the amount of $75,000.00, in complete settlement of all claims made by ZGA against Webjet. ZGA did not respond within thirty days of service of the proposal, and as a result it was deemed rejected under rule 1.442(f)(1).

The case went to a non-jury trial in November 2021. The trial court entered an order and final judgment ruling in Appellants' favor, and this Court affirmed on appeal. See ZGA Aircraft Leasing, Inc. v. Webjet Linhas Aereas, S.A., 366 So. 3d 1164 (Fla. 3d DCA 2023).

3

Following the final judgment, Appellants filed a timely motion for attorney's fees and costs pursuant to rule 1.442 and section 768.79. ZGA did not respond. At the hearing on Appellants' motion for attorney's fees, ZGA argued that the proposal for settlement was invalid because it was made by two different parties – GOL and Webjet – and was directed to one party, ZGA, and it did not apportion the offer amount between GOL and Webjet. The trial court granted Appellants prevailing party costs, and deferred the motion for attorney's fees as a result of ZGA's objections.

At the subsequent fee hearing, the trial court determined that Appellants' proposal for settlement did not strictly comply with the requirements of rule 1.442 because it was a joint proposal that failed to apportion the amount offered between GOL and Webjet. On September 7, 2022, the trial court entered an order denying Appellants' motion for attorney's fees. Appellants timely appealed this September 7, 2022 order.

## II.     ANALYSIS[2]

---

[2] We review *de novo* the eligibility of a party to receive attorney's fees and costs pursuant to the statute governing an offer of judgment (section 768.79) and the rule governing proposals for settlement (rule 1.442). See Atl. Civil, Inc. v. Swift, 271 So. 3d 21, 24 (Fla. 3d DCA 2018). Both section 768.79 and rule 1.442 must be strictly construed because they are "in derogation of the common law rule that each party is responsible for its own fees." Pratt v. Weiss, 161 So. 3d 1268, 1271 (Fla. 2015).

4

The issue in this case is whether the trial court erred by determining that Appellants' June 2021 proposal for settlement was invalid because it failed to apportion the settlement amount between the two offerors as required by the procedural rule governing joint proposals. While we agree with the trial court that Appellants' proposal was a "joint proposal" governed by rule 1.442(c)(3), our review of ZGA's operative complaint reveals that ZGA alleged that offeror GOL was merely constructively liable for ZGA's alleged damages, therefore bringing Appellants' joint proposal within rule 1.442(c)(4)'s exception to rule 1.442(c)(3)'s attribution requirement.

*A. Appellants' proposal for settlement was a joint proposal for purposes of rule 1.442(c)(3)*

Rule 1.442(c)(3) governs joint proposals for settlement and reads, in its entirety, as follows: "A proposal may be made by or to any party or parties and by or to any combination of parties *properly identified in the proposal*. A joint proposal shall state the amount and terms attributable to each party." (Emphasis added). Here, the opening paragraph of Appellants' proposal for settlement plainly identified the offerors as *both* Webjet and GOL, the two named defendants in ZGA's complaint. Paragraph 1 of Appellants' proposal stated as follows: "1. **PARTIES MAKING PROPOSAL**: Defendants WEBJET LINHAS AEREAS S.A. and GOL LINHAS AEREAS INTELIGENTES S.A. ("Defendants")." Further, paragraph 4 of Appellants' proposal provided: "4.

5

**TOTAL AMOUNT OF PROPOSAL**: *Defendants* offer the pay Plaintiff the total sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00) in complete settlement of all claims made by Plaintiff against Webjet in this action." (Emphasis in italics added).

Appellants' proposal for settlement was plainly a joint proposal. It clearly and unambiguously *identified* that the proposal was being made by *both* Webjet and GOL, the two defendants named in ZGA's lawsuit.

B. *Because of rule 1.442(c)(4)'s exception, rule 1.442(c)(3)'s apportionment requirement did not apply to Appellants' joint proposal for settlement*

Because Appellants' proposal for settlement was plainly a joint proposal, rule 1.442(c)(3) required the proposal to "state the amount and terms attributable to each party." But rule 1.442(c)(3)'s apportionment requirement is not applicable "when a party is *alleged* to be solely vicariously, constructively, derivatively, or technically liable, whether by operation of law or by contract[.]" Fla. R. Civ. P. 1.442(c)(4) (emphasis added). As the allegations inform the court's inquiry in this regard, we look to the pleadings to determine whether rule 1.442(c)(4) is applicable to relieve joint proposal offerors of rule 1.442(c)(3)'s apportionment requirement. See Peltz v. Tr. Hosp. Int'l, LLC, 242 So. 3d 518, 520 (Fla. 3d DCA 2018).

6

The operative complaint in this case was ZGA's June 2015 verified complaint in which ZGA asserted that Webjet breached an October 17, 2013, written purchase agreement between ZGA and Webjet. ZGA's complaint contained a host of allegations that sought to hold GOL, a non-party to the purchase agreement, constructively liable for Webjet's alleged breach of the purchase agreement. Indeed, paragraph 33 of ZGA's complaint alleged that GOL and Webjet were "one-and-the-same," that GOL was an "alter ego" of Webjet, and that GOL "dominat[ed] and control[ed]" Webjet. Further, the entirety of Count III of ZGA's complaint sought to pierce GOL's corporate veil to hold GOL liable for Webjet's alleged breach of the purchase agreement. ZGA did not allege, nor could it, that GOL breached the contract because ZGA had no contract with GOL. In sum, ZGA alleged that GOL was constructively, rather than directly, liable for Webjet's breach of contract.

We view these as the type of allegations that, pursuant to rule 1.442(c)(4), render rule 1.442(c)(3)'s apportionment requirement inapplicable to Appellants' joint proposal. When, as here, a plaintiff alleges that one of the two defendants being sued is solely *constructively* liable for damages caused by the other named defendant's conduct, apportioning a joint proposal's settlement offer between the two offerors is entirely unnecessary and serves no meaningful purpose. As recognized by rule

7

1.442(c)(4)'s exception to rule 1.442(c)(3)'s apportionment requirement, in such circumstances, it matters not to the offeree how much of the total offer, if accepted by the offeree, is being paid by each offeror.

## III.    CONCLUSION

While the trial court correctly characterized appellants' proposal for settlement as a "joint proposal" governed by rule 1.442(c)(3), that rule's apportionment requirement was rendered inapplicable by virtue of rule 1.442(c)(4), because ZGA's operative complaint alleged that offeror GOL was merely constructively liable for its co-offeror's (Webjet) alleged breach of the purchase agreement. Appellants' joint proposal, therefore, complied with rule 1.442 and the trial court should have determined it was valid.

Reversed and remanded.