DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NADJA MACKENSEN** and **WOLFGANG MACKENSEN,**
Appellants,

v.

**TRACE ELEMENTS, INC.,**
Appellee.

No. 4D2023-1707

[May 15, 2024]

Appeal from the County Court for the Nineteenth Judicial Circuit, Indian River County; Robyn E. Stone, Judge; L.T. Case No. 312022CC000387.

Michael G. Kissner, Jr. and Savannah J. H. Unruh of Block & Scarpa, Vero Beach, for appellants.

James W. Beagle of James Beagle, P.A., Ft. Lauderdale, for appellee.

MAY, J.

Homeowners appeal an order denying their motion for attorney's fees, pursuant to a Proposal for Settlement ("PFS"). They argue the trial court erred in denying the motion because their PFS satisfied the requirements of section 768.79, Florida Statutes (2022), and Florida Rule of Civil Procedure 1.442(c)(3). We agree and reverse.

### *The Facts*

The underlying litigation concerned a contract dispute between the homeowners and a professional design company ("the company"). The homeowners hired the company for improvements on their property. The homeowners ultimately filed a complaint against the company for breach of contract and unjust enrichment. The company counterclaimed for breach of contract and tortious interference with a business relationship.

The homeowners offered a PFS to the company. The PFS stated the homeowners were willing to accept $10,000 from the company in full settlement, in exchange for a voluntary dismissal with prejudice of their complaint. The company rejected the PFS and claimed the homeowners "unreasonably refused to furnish information necessary to evaluate the reasonableness of the proposal."

The trial resulted in a verdict for the homeowners.  The homeowners moved for attorney's fees and costs, pursuant to the PFS.  The trial court denied their motion.  The trial court indicated the homeowners would ordinarily be entitled to attorney's fees, as the jury verdict exceeded their PFS offer by twenty-five percent.  However, the court concluded that their PFS constituted a joint proposal for settlement and required proper apportionment under Florida Rule of Civil Procedure 1.442(c)(3).

The homeowners now appeal.

### *The Analysis*

The homeowners argue the trial court erred in denying their motion for attorney's fees because the PFS satisfied the requirements of rule 1.442(c)(3).  The homeowners also argue that because they are essentially a unified party with a single claim, there is no need for apportionment of this PFS.  The company responds the trial court correctly followed precedent in denying the homeowners' motion.

"The eligibility to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo." *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015).

Florida Rule of Civil Procedure 1.442(c)(3) states:  "[a] proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal.  A joint proposal shall state the amount and terms attributable to each party."  Our supreme court "has held that subdivision (c)(3) of rule 1.442, which requires a joint proposal to state the amount and terms attributable to each offeror or offeree, must be strictly construed." *Pratt*, 161 So. 3d at 1271.

"The purpose of the apportionment requirement in the rule is to allow each offeree to evaluate the terms and the amount of the offer as it pertains to him or her." *Id.* at 1272.  "Strict application of the requirement has resulted in the invalidation of offers of judgment where two plaintiffs presented an unapportioned settlement offer to one defendant . . . ." *Id.*

Nevertheless, if two parties file "a unified, single insurance claim for damages," apportionment is unnecessary. *See Hall v. Lexington Ins. Co.*, 895 So. 2d 1161, 1166 (Fla. 4th DCA 2005).  In *Hall*, an insurer made an offer of settlement to two homeowners without apportioning the amount to each.  We held that apportionment was not required because of the unified, single nature of the homeowners' claim.

2

Here, the opening paragraph of the homeowners' PFS identifies the offerors as "'Plaintiffs' or 'the [homeowners].'" Paragraph five provides:

> The Plaintiffs/Counter-Defendants offer to accept a total sum of TEN THOUSAND DOLLARS and 00/100 ($10,000.00) from the Defendant/Counter-Plaintiff in full settlement of this action and, upon acceptance and clearance of the payment, the Plaintiffs/Counter-Defendants will file a voluntary dismissal, with prejudice, of the Complaint filed against the Defendant/Counter-Plaintiff and the Defendant/Counter-Plaintiff will file a voluntary dismissal, with prejudice, of the Countercomplaint filed against the Plaintiffs/Counter-Defendants.

Like *Hall*, the homeowners made a unified, single claim for damages. Like *Hall*, the homeowners were represented by the same lawyer. Like *Hall*, there was no conflict of interest between the two homeowners.

In short, the homeowners' PFS was a joint proposal regarding a unified, single claim, which did not require apportionment to comply with rule 1.442. We therefore reverse and remand for the trial court to award attorney's fees to the homeowners.

*Reversed and remanded.*

LEVINE and FORST, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**